THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME MORGAN**, on behalf of himself and those similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>**BLAIR'S BAIL BONDS, INC.**, a Louisiana Corporation, and **BANKERS INSURANCE COMPANY, INC.**, a Florida corporation,<br><br>　　Defendants. | Case No.: |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants, Bankers Insurance Company, Inc. ("**Bankers**") and Blair's Bail Bonds, Inc. ("**Blair's**") (collectively, "**Defendants**") through their respective undersigned counsel and pursuant to title 28 United States Code sections 1331, 1441, and 1446, hereby remove to this Court the action filed against them in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2019-08430.

　　1.　**The Complaint.** On August 12, 2019, Plaintiff, Jerome Morgan, filed a Petition for Class Certification and Declaratory Judgment in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2019-08430 (the "**Complaint**," a copy of which is here attached as **Exhibit A**). Defendants each received a copy of the Complaint on August 12, 2019.

　　2.　Thus, this Notice is timely as it is filed within thirty (30) days of Defendants' receipt of the Complaint. *See* 28 U.S.C. § 1446(b). Defendants have not previously filed a notice of removal of this matter in this Court.

1

3. By the Complaint, Plaintiff seeks to represent a putative nationwide class of persons who obtained Blair's bail bonds and "between June 30, 2005 and July 31, 2019 who were charged by Blair's Bail Bonds, Inc. in Orleans Parish more than a 12 percent premium on the face value of any criminal bail bond." (Complaint at ¶ 46). Plaintiff alleges that in 2014 he obtained a bail bond from Blair's and was charged a premium of 13%, which Plaintiff alleges is more than the premium permitted under Louisiana law. *Id.* at ¶¶ 14-15. Plaintiff further alleges that in 2019, the Louisiana Legislature promulgated, and the Governor of Louisiana signed into law, Senate Bill 108, 2019 La. Acts 54 ("**Act 54**"), which provides that the charging of 13% for bail bonds in Orleans Parish from June 30, 2005 to July 31, 2019, is *not* "considered a violation of R.S. 22:855 or R.S. 22:1443." *Id.* at ¶ 41. Plaintiff alleges that "Act 54 retroactively gives Defendants immunity from liability for collecting excess premiums in violation of state law and divests Mr. Morgan and others of vested causes of action and their right to a refund under R.S. 22:855(E)." *Id.* at ¶ 42. Plaintiff attempts to assert causes of action for Declaratory Judgment, as well as a variety of state and federal Constitutional challenges to Act 54. *Id.* at ¶¶ 63-80.

4. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders in the Civil District Court case hereby being removed are attached hereto.

5. **Grounds for Removal.** Under 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's action. As explained below, Plaintiff has raised claims arising under the Constitution. (Complaint at ¶¶ 77-80, 85). Thus, removal is proper pursuant to 28 U.S.C. § 1441(c).

6. **The Federal Question.** As his Fourth Claim for Relief, Plaintiff alleges that the "Due Process Clauses of the State and **Federal Constitutions** limit the Legislature's power to enact retroactive laws." (Complaint at ¶ 77 (emphasis supplied)). Plaintiff further alleges that

"Section B.(1) of Act 54 violates Plaintiff's rights under the due process clause of the Louisiana and **United States Constitutions**. La. Const. art. I, §2; U.S. Const. amend. XIV." *Id.* at ¶ 80 (emphasis supplied). Plaintiff, therefore, requests "[a] declaration that Section B.(1) of Act 54 violates La. Const. art. III, § 12 **and the due process clauses of the** Louisiana and **United States Constitution.**" *Id.* at ¶ 85 (emphasis supplied).

7. Where, as here, a plaintiff has stated claims based on violations of the United States Constitution, he has "unmistakably" given "the district court jurisdiction pursuant to section 1331 of Title 28, which states that the 'district courts shall have original jurisdiction of all civil actions *arising under the Constitution . . .* of the United States.'" *See Davis v. Rodriquez*, 106 F. 3d 206, 208 (7th Cir. 1997) (emphasis in original) (quoting 28 U.S.C. § 1331). Also see 106 F. 3d at 209. ("Because Davis' state court complaint alleged a violation of a right arising under the Constitution of the United States, the trial court's granting of the removal of his case to the district court was proper.").

8. **<u>Supplemental Jurisdiction.</u>** In addition to having original jurisdiction over Plaintiff's claim that Act 54 violates the U.S. Constitution (Complaint at Fourth Claim for Relief), the District Court here has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims for Declaratory Relief (*id.* at First Claim for Relief) and Plaintiff's claims that Act 54 violates provisions of the Louisiana Constitution (*id.* at Second, Third, and Fourth Claims for Relief). Indeed, Plaintiff's claims for declaratory relief and violation of the Louisiana Constitution are so related to the Plaintiff's U.S. Constitutional claim that they "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a); *see also Davis*, 106 F. 3d 206, 209 (affirming removal of and federal jurisdiction over, complaint alleging violations of state and Federal

Constitution where the claims for violation of the federal Constitution were "distinct from, and independent of" the state constitutional violations, but based on the same facts).

9. **Consent to Removal**: All defendants consent to the removal of Plaintiff's action to this Court.

**WHEREFORE**, Defendants provide this notice that the action now pending against Bankers and Blair's in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2019-08430 is removed to the United States District Court for the Eastern District of Louisiana, and further request that this Court assume jurisdiction over this action as provided by law.

Dated: August 29, 2019

CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, L.L.P.

/s/ *Stephen D. Marx*
STEPHEN D. MARX (#17041)
PRESTON L. HAYES (#29898)
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080

*and*

SMOLKER BARTLETT LOEB HINDS & THOMPSON, P.A.

ETHAN J. LOEB (pro hac vice application forthcoming)
Florida Bar No.: 0668338
E. COLIN THOMPSON (pro hac vice application forthcoming) Florida Bar No.: 0684929
100 North Tampa Street, Suite 2050
Tampa, FL 33602
(813) 223-3888; Fax: (813) 228-6422

***Attorneys for the Bankers Insurance Co., Inc.***

CHAFFE McCALL, L.L.P.

/s/  *Charles P. Blanchard*
WALTER F. BECKER, JR. (#01685)
CHARLES P. BLANCHARD (#18798)
NICOLE C. KATZ (#35857)
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-230
Telephone: (504) 585-7000

***Attorneys for Blair's Bail Bonds, Inc.***

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing document was served on William P. Quigley, quigley@loyno.edu, 7214 St. Charles Avenue, New Orleans, LA 70118, and Jeff Landry, Louisiana Attorney General, Department of Justice 1885 N. 3rd Street, Baton Rouge, LA 70802 via U.S. Mail on August 29, 2019.

               /s/ *Stephen D. Marx*
               STEPHEN D. MARX