UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME MORGAN, on behalf of himself and those similarly situated** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12379-WBV-DMD** |
| **BLAIR'S BAIL BONDS, INC., ET AL.** | **SECTION D(3)** |

## ORDER

Before the Court is the plaintiff's Motion to Remand (R. Doc. 18). The Motion is opposed (R. Doc. 19), and the plaintiff filed a Reply (R. Doc. 22). After careful consideration of the memoranda and the applicable law, the Court GRANTS the motion to remand.

I. FACTUAL BACKGROUND

On August 12, 2019, Plaintiff Jerome Morgan filed a petition for class certification and declaratory judgment against Defendants Blair's Bail Bonds, Inc., and Bankers Insurance Company, Inc., in the Civil District Court for the Parish of Orleans.[1] The defendants timely removed the action to this Court on the basis of federal question jurisdiction.[2]

---

[1] R. Doc. 1-1.
[2] R. Doc. 1.

In his complaint, the plaintiff alleges that he was wrongfully convicted of murder and sentenced to life in prison when he was 17 years old.[3] Twenty years later, an Orleans Parish Criminal District Court judge overturned the plaintiff's conviction, after the plaintiff "proved that prosecutors had withheld evidence that would have helped his defense and two people admitted they had been coerced into falsely accusing him of committing murder."[4] The Orleans Parish District Attorney decided to re-prosecute, and the Court set the plaintiff's bond at $25,000, reduced from $250,000.[5] The plaintiff's family and friends obtained a bond from Defendant Blair's Bail Bonds, Inc., ("Blairs") on February 3, 2014, with Defendant Bankers Insurance Company, Inc., ("Bankers") acting as the surety on the bond.[6] Blairs charged the plaintiff a premium of $3,250 and additional fees totaling $79.[7] The plaintiff states that the bail premium represented 13% of the $25,000 bond, which violated state law that required the defendants to charge a 12%, not 13%, premium.[8] The entire premium was paid off in March 2014.[9]

The plaintiff states that on February 20, 2019, the Commissioner of Insurance issued Directive 214 to bail bond producers and commercial sureties after learning that the defendants and other bail bond companies and insurers had been charging consumers in Orleans Parish unlawful premiums.[10] The plaintiff represents that the

---

[3] R. Doc. 1-1, ¶ 12.
[4] *Id.*
[5] R. Doc. 1-1, ¶ 13.
[6] R. Doc. 1-1, ¶ 14.
[7] *Id.*
[8] R. Doc. 1-1, ¶ 15.
[9] R. Doc. 1-1, ¶ 16.
[10] R. Doc. 1-1, ¶ 33.

Directive ordered the defendants and other bail bond companies and insurers to review their records and make every effort to return any excess premium by June 1, 2019, reiterating that state law requires charging a 12% premium.[11] The plaintiff believes he is entitled to a refund purusunt to Directive 214.

The plaintiff filed a motion to remand the action to the Civil District Court of Orleans Parish, alleging that his claims are based entirely on state law and that federal question jurisdiction does not exist over his due process claim.[12] Plaintiff conceded that his state court Petition generally references the federal Due Process Clause but argues "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[13] Further, Plaintiff argues that remand is appropriate since he pleads only state law causes of action under Louisiana's Declaratory Judgment provisions and any references to federal due process are fully supported by independent state constitutional theories.[14] Plaintiff states that he pled four claims for declaratory relief in his state court Petition: The first claim asks the state court to declare that Louisiana Revised Statutes 22:1443 and Louisiana Revised Statutes 22:822 require Defendants to charge a 12% premium to purchase a bail bond; the second and third claims request the state court to declare that Act 54 violates the Louisiana constitution; the fourth claim asks the state court to declare that Act 54 violates the state and federal Due Process clauses.[15]

---

[11] R. Doc. 1-1, ¶ 35.
[12] R. Doc. 18-1.
[13] *Id.* at p. 2, citing *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813 (1986).
[14] *Id.*
[15] *Id.* at pp. 4-5.

## II.     LEGAL STANDARD

### A. Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[16] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[17] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[18] Additionally, federal district courts shall have original jurisdiction of all civil actions which arise under the Constitution, laws, or treaties of the United States.[19]

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the Petition.[20] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[21] The removing party has the burden of establishing federal jurisdiction.[22] "Doubts about whether federal jurisdiction exists

---

[16] 28 U.S.C. § 1441(a). Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[17] 28 U.S.C. § 1446(b)(2)(A).
[18] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); see also *Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").
[19] 28 U.S.C. § 1331.
[20] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[21] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[22] *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 450 (S.D. Miss. 2011).

following removal must be resolved against a finding of jurisdiction."[23] Remand is proper if, at any time, the Court lacks subject matter jurisdiction.[24]

### B. Federal Question Jurisdiction

Federal district courts have jurisdiction to determine their own jurisdiction on the ground of a federal question.[25] For federal question jurisdiction to exist, there must be a "basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of constitutional provision be given one interpretation and defeated if given another."[26] To determine the presence of federal question jurisdiction, the Court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[27] This rule makes the plaintiff "the master of the claim," and the plaintiff may avoid federal jurisdiction by relying exclusively on state law for his or her claims.[28]

The Court's retention of jurisdiction of claims based on state law may be sustained as proper only if the federal question is substantial and forms an integral part of the complaint.[29] "A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis

---

[23] *Mehrtens v. America's Thrift Stores, Inc.*, 2011 WL 2111085, at *1 (S.D. Miss. 2011).
[24] 28 U.S.C. § 1447(c).
[25] *Screven County v. Brier Creek Hunting & Fishing Club, Inc*., 202 F.2d 369, 371 (5th Cir. 1953).
[26] *Screven County*, 202 F.2d at 370.
[27] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[28] *Id.*
[29] *Screven County*, 202 F.2d at 370.

upon which federal jurisdiction may attach."[30] Federal question jurisdiction does not exist merely because a federal claim, which was not pleaded by the plaintiff, may be available to him.[31] It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[32] Alternatively, a plaintiff cannot avoid federal jurisdiction by simply "artfully pleading" a federal cause of action in state law terms.[33] "However, it is also plain that when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction."[34]

III. ANALYSIS

The plaintiff insists that the action should be remanded because only state law is invoked by his complaint.[35] He argues that the parties agree that three of out his four claims arise solely under state law.[36] Regarding the first claim for relief, the plaintiff invokes "Louisiana Code of Civil Procedure articles 1871 and 1872, [arguing] that Defendants violated Louisiana's state insurance laws by charging excessive premium."[37] The second and third claims for relief seek a declaration that "Act 54 violates the Louisiana Constitution's prohibitions on local and special laws, La.

---

[30] *Id.*
[31] *In re Alberta Inc.*, 2014 WL 5782820, at *5 (E.D. La. 2014) (internal citation omitted).
[32] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814 (1986).
[33] *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).
[34] *Id.*
[35] R. Doc. 18-1, p. 5.
[36] *Id.* at p. 6.
[37] *Id.* R. Doc. 1-1, ¶ 67.

Const. art. III, § 12."[38] The parties' dispute of federal jurisdiction arises only from the language of the fourth claim.

In the Notice of Removal, the defendants contend that federal question jurisdiction exists because the plaintiff alleges in his fourth claim for relief that the "Due Process Clauses of the State and Federal Constitutions limit the Legislature's power to enact retroactive laws."[39] The defendants quote other allegations from the complaint such as, "Section B.(1) of Act 54 violates Plaintiff's rights under the due process clause of the Louisiana and United States Constitutions";[40] and that the Plaintiff seeks "[a] declaration that Section B.(1) of Act 54 violates La. Const. art. III, § 12 and the due process clauses of the Louisiana and United States Constitution."[41]

The defendants argue that the plaintiff alleges state claims based on violations of the United States Constitution and that he has "unmistakably" given the Court federal jurisdiction to decide the action.[42] The defendants further argue that the plaintiff's failure to name a state actor does not deprive the Court of jurisdiction over his claim that the Louisiana Legislature violated his federal constitutional rights.[43] Lastly, the defendants urge the Court to exercise supplemental jurisdiction over any and all remaining state law claims under 28 U.S.C. § 1367(a).

---

[38] *Id.* R. Doc. 1-1, ¶¶ 69-75.
[39] R. Doc. 1, p. 2., quoting R. Doc. 1-1, ¶ 77.
[40] *Id.* at pp. 2-3, quoting R. Doc. 1-1, ¶ 80.
[41] *Id.* at p. 3, quoting R. Doc. 1-1, ¶ 85.
[42] *Id.*
[43] R. Doc. 19, p. 8.

The plaintiff insists that he has not brought his fourth claim for relief under a substantive cause of action by Congress, such as 42 U.S.C. § 1983, but rather under Louisiana's state declaratory judgment provisions.[44] The plaintiff clarifies that "all of [the plaintiff's] claims, including his Fourth Claim for Relief, are created by the state declaratory judgment provisions."[45]

The Court is not convinced by the defendant's argument that the plaintiff cannot avoid federal jurisdiction by declining to name a state actor. Federal question jurisdiction does not exist merely because a federal claim, which was not pleaded by the plaintiff, may be available to him.[46]

The defendants bring to the Court's attention, *Egana, et al. v. Blair's Bail Bonds, Inc.*, Civil Action No. 17-5899-WBV-DMD, a case that involved the defendants in this action. The Court notes the significant distinctions between the *Egana* case and this case. In *Egana*, the plaintiffs filed suit in federal court, where jurisdiction was appropriate. The *Egana* plaintiffs specifically alleged violations of federal law, namely the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. The Court is reminded that the plaintiff is the master of the case and may avoid federal jurisdiction by relying exclusively on state law for his claims.[47] In the alternative, as in *Egana*, a plaintiff may invoke federal jurisdiction by pleading

---

[44] R. Doc. 18-1, p. 8.
[45] *Id.*
[46] *In re Alberta Inc.*, 2014 WL 5782820, at *5 (E.D. La. 2014) (internal citation omitted).
[47] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

plausible violations of federal law. The Court examines this case independently on the pleadings in this matter.

Defendants cite and dispute, in lengthy discussion, numerous cases in opposition to remand. The Court declines to read into the plaintiff's complaint a federal question. The Court finds that the plaintiff does not name a specific law or constitutional provision in its state court pleading. Rather, the plaintiff references the federal constitution and due process in general terms.[48] The Court does not believe that the federal question the defendants put forth in the plaintiff's fourth claim for relief is substantial and forms an integral part of the complaint.[49] The defendants have shown that federal and state remedies are available. However, the plaintiff can elect to proceed exclusively under state law and doing so does not give rise to federal jurisdiction.[50] The Court notes that even if the claims created ambiguity as to whether federal jurisdiction exists, "the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"[51]

IV. CONCLUSION

The Court finds that the plaintiff's mere references to the United States Constitution and Due Process Clause in a claim based exclusively on state law and

---

[48] *In re Alberta Inc.*, 2014 WL 5782820, at *4 (E.D. La. Nov. 6, 2014) (holding that remand is required when the plaintiff's allegations did not explicitly invoke federal law).
[49] *Screven County v. Brier Creek Hunting & Fishing Club, Inc.*, 202 F.2d 369, 370 (5th Cir. 1953).
[50] *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).
[51] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Lewis v. Godawa*, 2011 WL 4703102 (M.D. La. 2011) (holding that where a reference to civil rights violation could constitute a claim under state or federal law, ambiguities are construed against removal).

seeking state declaratory action does not present "a basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of constitutional provision be given one interpretation and defeated if given another."[52] Even if there were doubt, which the Court does not find in this case, the Court resolves confusion in favor of remand, given that the removal statute is strictly construed.

IT IS HEREBY ORDERED that the plaintiff's Motion for Remand (R. Doc. 18) is GRANTED.

IT IS FURTHER ORDERED that the action is REMANDED to the Civil District Court for the Parish of Orleans for further proceedings.

New Orleans, Louisiana, this the 15th day of April, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[52] *Screven County.*, 202 F.2d at 370.